IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HAROLD WARD COLLINS, III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-2740 |
| | § | |
| MS. FATIMA NAQVI, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION DISMISSING CASE

Harold Collins, III sued Fatima Naqvi, misspelled as Fatma Nagei in Collins's pleadings. The suit arises from Collins's efforts to change the PIN on his bank card. In July 2013, Collins filed two similar complaints against Naqvi and her employer, International Bank of Commerce (IBC). Orders issued denying his petition to proceed *in forma pauperis* in these two cases. Collins was allowed to proceed in this third complaint, although it is based on similar allegations.

In this suit, Collins alleges that he went to IBC Bank at 1001 McKinney in Houston, Texas, on May 3, 2013 to change the PIN on his bank card and make a deposit. He alleges that Naqvi, an IBC employee who works at that bank branch, asked him to leave the bank because it was closed. Collins refused and was asked by security to leave. On May 6, 2013, Collins visited another IBC branch. He alleges that an IBC employee at that branch told him that he would have to buy a new bank card for $10.00 to change his PIN. Collins claims that he called Naqvi, but she did not return his call.

Naqvi has moved to dismiss. The first basis for dismissal is that this court lacks federal subject-matter jurisdiction because both parties are Texas citizens and there is no federal claim.

Federal Rule of Civil Procedure 12(b)(1) authorizes a federal court to dismiss a claim for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). The complaint makes no jurisdictional allegations, and the factual allegations disclose no basis for jurisdiction. That alone requires dismissal.

Dismissal is also proper because the complaint fails to state a claim on which relief can be granted. FED. R. CIV. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim 'does not need detailed factual allegations' but must provide party's grounds for entitlement to relief, 'including factual allegations that when assumed to be true raise a right to relief above the speculative level.'" *McPeters*, 910 F.Supp. 2d at 986-987.

A complaint filed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B)(2) may be dismissed if the court finds that the action fails to state a claim on which relief may be granted. A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks money relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). The court applies the same standard of review applicable to dismissals made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Bachman v.*

*Donahoe*, 460 Fed. Appx. 383, 384 (5th Cir. Feb. 10, 2012), *citing Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). Dismissal is appropriate if, taking all the plaintiff's allegations are true, the court finds that no relief could be granted based on the plaintiff's alleged facts. *Id.*

Collins's complaint shows no legal or factual basis for relief. The claims are frivolous. Collins has filed other frivolous suits. On July 31, 2013, Collins sued, alleging that the U.S. Army had "made a bet with [his] Father that [the plaintiff] was going to grow up to be a Punk," and claiming that the Army put a "device" on him to monitor his five senses and talk with him." This complaint was dismissed as frivolous. On September 17, 2013, Collins sued the Houston Police Department and an officer, claiming that the officer threatened to file statutory rape charges against him arising from an incident that occurred when Collins was 12 and in the 7th grade. That case was dismissed as frivolous as well.

The motion to dismiss is granted under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). The motion for more definite statement is moot. An order of dismissal is separately entered.

SIGNED on December 10, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge